IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LEDELL LEE**                                                                              PETITIONER

v.        CASE NUMBER 5:01CV00377JH

**RAY HOBBS, Director of the
Arkansas Department of
Correction**                                                                                RESPONDENT

### O R D E R

Now on this 18th day of December, 2013, comes on for consideration **Petitioner's Motion To Vacate, Alter Or Amend Judgment Pursuant To Rule 59(e)** ("Motion To Vacate") (document #116), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Ledell Lee ("Lee") brought this habeas corpus proceeding (the "Habeas Petition") under **28 U.S.C. §2254.** After reviewing extensive briefs, and even more extensive transcripts, the Court found that Lee had failed to establish his entitlement to a writ of habeas corpus, and the Habeas Petition was denied.

2. Lee now contends that this decision should be vacated, altered, or amended pursuant to **F.R.C.P. 59(e).**

**Rule 59(e)** states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Order that Lee seeks to have reconsidered was entered on June 18, 2013, and the Motion To Vacate was filed on July 16, 2013.

Case law provides the guidelines for what can be taken up on a **Rule 59(e)** motion:

> Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

**Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills**, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks and citations omitted).

3. Lee makes three arguments for reconsideration:

* He contends that the Court failed to consider "uncontradicted evidence" that his Second Rule 37 counsel "sabotaged" his case "by failing to competently raise and litigate meritorious constitutional claims."

* He contends that the Court "overlooked the significance" of authority that "strongly indicates" he should be given an opportunity -- either in a new Rule 37 proceeding or in an evidentiary hearing before this Court -- to show ineffective assistance of counsel both at trial and in his Second Rule 37 proceeding.

* Finally, he contends that the Court should reconsider his claim regarding "the extramarital affair between the trial judge and the prosecutor" because the Court overlooked material issues of law and fact.

Respondent objects to the pending motion. The matter is

fully briefed and ripe for disposition.

4. The relevant procedural history of Lee's case is as follows:

* On February 9, 1993, twenty-six year-old Debra Reese was found murdered in her bedroom. She had been beaten and strangled. Lee was arrested and charged with capital murder in the case.

* Lee was convicted and sentenced to death for the Reese murder. His conviction and sentence were affirmed on appeal. **Lee v. State**, 327 Ark. 692, 942 S.W.2d 231 (Ark. 1997), *cert. den.* 522 U.S. 1002).

* Lee filed a petition for post-conviction relief pursuant to **Ark.R.Crim.P. 37** ("First Rule 37 Petition"), alleging that he had received ineffective assistance from his attorneys in the Reese murder trial. The trial court denied this petition, and the denial was affirmed on appeal. **Lee v. State**, 343 Ark. 702, 38 S.W.3d 334 (Ark. 2001).

* Lee then filed his Habeas Petition. On April 2, 2003, United States District Judge George Howard, before whom the Habeas Petition was then pending, noted from the transcript of the hearing on the First Rule 37 Petition that Lee's attorney "may have been impaired to the point of unavailability on one or more days of the Rule 37 hearing."

* Judge Howard ordered that the Habeas Petition be stayed and held in abeyance, and the matter "remanded for the trial court

to take appropriate action to allow Lee to present relevant evidence and argument in favor of his Rule 37 petition issues."

\*   Judge Howard's remand order was appealed, and the Eighth Circuit affirmed. **Lee v. Norris**, **354 F.3d 846 (8th Cir. 2004)**. The court said that "all of the claims alleged in [Lee's] petition had been exhausted," but that "one unexhausted claim" not in the Petition was raised by Judge Howard. The "unexhausted claim," as articulated by the Eighth Circuit, was whether Lee "had been deprived of his due process rights (as well as his state-law right to qualified post-conviction counsel) by the conduct of his appointed counsel during the post-conviction proceedings in the state courts." **Id. at 847.**

\*   Lee then moved the Arkansas Supreme Court to recall the mandate issued on appeal of the First Rule 37 Petition. That court agreed, stating that "until [Lee] has been afforded a new Rule 37 proceeding, he has potential state claims that remain unexhausted." **Lee v. State**, **367 Ark. 84, 89, 238 S.W.3d 52, 55 (Ark. 2006).** The matter was remanded to the trial court for a new post-conviction proceeding.

\*   New attorneys were appointed to represent Lee, and a second Rule 37 petition (the "Second Rule 37 Petition") was filed. Like the First Rule 37 Petition, this one was denied, and the denial was affirmed on appeal. **Lee v. State**, **2009 Ark. 255, 308 S.W.3d 596 (Ark. 2009).**

\*      On November 9, 2009, the United States Supreme Court denied *certiorari* in connection with the Second Rule 37 Petition. **Lee v. Arkansas, 558 U.S. 1013 (2009)**.

\*      On January 21, 2010, Respondent moved to lift the stay imposed by Judge Howard.

\*      On March 15, 2010, this Court -- to whom the matter had by then been transferred -- lifted the stay.

\*      Lee then sought a second stay, contending that he should be allowed to return to State court for yet another Rule 37 proceeding. This request was denied, and Lee's attempts to obtain a writ of mandamus requiring such a stay from the Eighth Circuit Court of Appeals and the United States Supreme Court were unsuccessful.

\*      This Court then considered Lee's Habeas Petition on its merits, and denied it on June 18, 2013.

5.      Lee first contends that the Court's June 18, 2013, Order should be vacated, altered or amended because the Court failed to consider "uncontradicted evidence" that Lee's Second Rule 37 attorneys "sabotaged" his case "by failing to competently raise and litigate meritorious constitutional claims."

(a)     The only specific claim Lee contends was not raised in the Second Rule 37 Petition is that his attorneys "negligently failed to raise or present the plethora of available evidence supporting a *Wiggins* claim."

In **Wiggins v. Smith**, **539 U.S. 510 (2003)**, the Supreme Court reversed a death sentence because the defendant's attorneys had failed to conduct a reasonable investigation into his family and social history in connection with the sentencing phase of his trial. Lee's attorneys did not, however, fail to conduct such an investigation. According to Lee's Motion, they hired "both a mitigation specialist and a guilt phase investigator each of whom uncovered a plethora of evidence," including "extensive mitigating evidence."

What Lee really appears to complain about is that this evidence was not introduced at the Second Rule 37 hearing, the implication being that if it had been presented the decision in that proceeding would have been that Lee's trial attorneys were ineffective for failing to present the evidence in mitigation at his sentencing.

Whether to utilize evidence is a tactical decision entitled to the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" established by **Strickland v. Washington**, **466 U.S. 668, 689 (1984)**. Lee has offered nothing that would overcome this presumption. Unlike the defendant seeking relief in **Trevino v. Thaler**, **--- S.Ct. ---, 2013 WL 2300805, *4 (2013)**, Lee has not proffered any of the evidence developed by the mitigation specialist or the guilt phase investigator, or even so much as alluded to the nature of it, and

it is too late to do so now. Evidence which could have been offered earlier cannot be adduced on a **Rule 59(e)** motion.

Under these circumstances, there is no basis for the Court to conclude that Lee's Second Rule 37 attorneys were incompetent because of their failure to present the evidence.

(b) The malevolent intent embodied in the word "sabotage" has likewise not been shown. The failure to assert a claim -- without more -- has no sinister implications. To the contrary, as has been said with regard to appeals, the "process of winnowing out weaker arguments . . . and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." **Smith v. Murray, 477 U.S. 527, 536 (1986)** (internal quotation marks omitted). There is no reason why a different rule should obtain with regard to habeas proceedings.

Whether to advance an argument to the Court is also a tactical decision entitled to the **Strickland** presumption. Absent some showing that meritorious claims were omitted without legitimate reason, there is no basis to find fault with Lee's Second Rule 37 attorneys for narrowing the field.

(c) Finally, the Court is not persuaded that reconsideration is merited based on the failure of Lee's Second Rule 37 attorneys to prove up some of the claims asserted in that proceeding. Some

of the listed claims had no factual support.[1] The failure to prove up a claim is not ineffective assistance of counsel if no evidence exists that will support that claim. Other listed claims were not even asserted by Lee in his Habeas Petition, leaving him in no position to argue that his Rule 37 attorneys were ineffective for failing to prove them up.

6.  Lee's second argument is that the June 18, 2013, Order cannot stand because the Court failed to consider legal principles set out in **Rhines v. Weber**, **544 U.S. 269 (2005)**, **Martinez v. Ryan**, **132 S.Ct. 1309 (2012)**, and **Trevino v. Thaler**, *supra*. These arguments are without merit.

(a)  Lee's complaint that the Court "made no reference whatsoever" to **Rhines** in its June 18, 2013, Order does not justify reconsideration. The Court addressed **Rhines** in its Order of September 20, 2012 (document #105), and there was no need to revisit the case in its June 18, 2013, Order.

(b)  Lee's arguments relating to **Martinez** and **Trevino** bear on his renewed claim that this Court should stay its ruling on his Petition and remand his Second Rule 37 Petition to the Arkansas Supreme Court for further proceedings.

The issue in **Martinez** was "whether a federal habeas court may

---

[1] For example, Lee's claim that his trial counsel was ineffective for failing to highlight the absence of blood on his clothing shortly after the Reese murder runs afoul of the record showing that the argument was in fact made. His claim that his attorneys were ineffectual for failing to seek remedial measures for pretrial publicity is hampered by the fact that there is no evidence that any juror was affected by pre-trial publicity.

excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." **132 S.Ct. at 1313.** The holding was that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." **132 S.Ct. at 1315.**

**Trevino** broadened the holding in **Martinez**, applying it to a wider range of state post-collateral relief schemes.

**Martinez** and **Trevino** are inapposite here. No ineffective assistance of counsel claim asserted in Lee's Habeas Petition was procedurally defaulted in the June 18, 2013, Order.

7. Lee's third contention is that the Court's June 18, 2013, Order should be vacated, altered or amended because the Court overlooked material issues of law and fact with regard to "Claim 7" in his Habeas Petition, which is that he was denied due process by the trial judge's refusal to recuse based on a relationship with a prosecuting attorney and the State's failure to disclose this relationship. Lee contends that his Second Rule 37 counsel "neglected to present several pieces of substantial evidence and testimony" to support this claim.

The factual background for this argument was set out in the Court's June 18, 2013, Order as follows:

> The Reese murder trial was prosecuted by Holly Lodge of
> the Sixth Judicial District Prosecuting Attorney's

-9-

Office ("Prosecutor's Office"), and tried by Pulaski County Circuit Judge Chris Piazza. At some point in time, Judge Piazza became romantically involved with Melody Larue, who at the time of the Reese murder trial was a deputy prosecuting attorney in the Prosecutor's Office. The existence of the relationship is not disputed -- Judge Piazza and Larue eventually married -- but the date when it commenced, and whether it had any impact on the trial, are disputed.

The State court found, in both Rule 37 proceedings, that Lee failed to prove the existence of a relationship between Judge Piazza and Larue that warranted either disclosure or recusal. Lee contends that the State court's judgment "rested upon an unreasonable determination of the facts." This is important for Lee because a habeas petition cannot be granted on a claim adjudicated on the merits in state court unless it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." **28 U.S.C. § 2254(d)(2).**

Both Judge Piazza and his former wife testified at the First Rule 37 hearing, and their testimony differed on when Judge Piazza's involvement with Larue began. Lee contends that the State court finding that no relationship warranting disclosure or recusal existed at the time of his trial is unreasonable because

> any purported finding that Judge Piazza was more credible than his ex-wife is unreasonable in light of the irrefutable fact that, under any objective criteria, Mrs. Piazza had no reason to lie. On the other hand, Judge Piazza had every reason to lie in order to protect his job, to protect his personal reputation, and to prevent a flood of reversals in every criminal case that appeared in front of him contemporaneously with

petitioner's trial.

(Document #116, p. 21).

Lee's argument lacks merit. It is not an "irrefutable fact" that Mrs. Piazza had no reason to lie about her husband's extramarital activities. She might have been motivated to lie out of resentment about the whole situation. The Court makes no determination about whether Mrs. Piazza lied -- it merely acknowledges that possibility and, because it is a possibility, it demonstrates the weakness of Lee's argument. The State court's factual determination on this issue is presumed to be correct, and can only be rebutted by clear and convincing evidence. **28 U.S.C. § 2254(e)(1).** Lee has not met this burden.

Moreover, the Court determined, at ¶20(f) of its June 18, 2013, Order, that Lee could not show prejudice even if the Piazza/Larue relationship was as he posited:

> When the Court applies the **Caperton** standard to the allegations here, it does not believe that, under a realistic appraisal of psychological tendencies and human weakness, the interest that would exist if Judge Piazza were romantically involved with Larue during the Reese murder trial would have posed such a risk of actual bias as to violate Lee's due process rights. Larue was not prosecuting the case, nor was she the elected Prosecuting Attorney, who might have had a professional or political interest in its outcome.

Given this determination, it would not alter the outcome of Lee's Habeas Petition to allow further evidence pertaining to the relationship between Judge Piazza and Larue.

    8.    Finally, Lee points out that the Court did not enter a

-11-

separate judgment under **F.R.C.P. 58** in connection with its June 18, 2013, Order, and that the Clerk of Court did not make an entry of final judgment on the docket sheet.  The Court will remedy this situation by filing a separate Judgment concurrently with this Order.

**IT IS THEREFORE ORDERED** that **Petitioner's Motion To Vacate, Alter Or Amend Judgment Pursuant To Rule 59(e)** (document #116) is **denied.**

**IT IS SO ORDERED.**

                                        /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**