
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 20 2017
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LEDELL LEE**                                                            **PETITIONER**

v.                       No. 5:01-cv-377-DPM

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**               **RESPONDENT**

## ORDER

Ledell Lee's conviction and death sentence were examined in one complete round of *habeas corpus* proceedings. № 115, 127–128, 140 & 147. He is scheduled to be executed today, 20 April 2017. Two days ago, he moved for relief under Federal Rule of Civil Procedure 60(b)(6), arguing that extraordinary circumstances justify reopening his *habeas* case so he can make three claims. № 166 at 29–47. He wants to argue that he's intellectually disabled, that there was never a meaningful mitigation investigation, and that new DNA testing would show he's actually innocent. Lee insists that these claims "are not asserted as new grounds for relief" at this stage. № 166 at 29. Instead, he describes his prior lawyers' alleged conflicts and failure to make these three claims as "extraordinary circumstances" justifying Rule 60(b)(6) relief. № 166 at 23–47.

Rule 60 can't be used to side step the presumptive bar against successive *habeas* petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 528–32 (2005). Lee's motion, though, tries to do just that. He says his prior *habeas* lawyers grossly failed him. № *166 at 24–29*. But while "an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also Gonzalez*, 545 U.S. at 530–32 & n.5. What Lee has labeled an "extraordinary circumstance" is thus a "claim" within the meaning of *Gonzalez* and *Ward*. So, too, his arguments about his State lawyers' shortcomings, № *166 at 23–24*, which have all been previously decided in *habeas* or constitute new claims. In sum, Lee's Rule 60(b) motion is actually a second or successive petition requiring preauthorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

To avoid this conclusion, Lee's reply disclaims any reliance on prior *habeas* counsel's ineffectiveness. № *183 at 7*. He says he's instead seeking relief based on their "disqualifying conflicts of interest that resulted in Mr. Lee's counsel maintaining their incompetent representation . . . [.]" *Ibid*.

This is creative, but unpersuasive. Lee's motion is largely devoted to describing all the things his prior *habeas* lawyers should have done in light of what his lawyers in the state proceedings did wrong. And "an attack based on . . . habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5. Lee is, in effect, asking for that second chance. But under *Gonzalez* and *Ward*, substance controls, not the lawyer's label. And the substance of Lee's motion is that his prior lawyers were ineffective for not pursuing claims before now about intellectual disability, an incomplete mitigation investigation, and actual innocnence based on new DNA testing. Lee can't escape this conclusion by artful issue framing.

Lee's reliance on *Buck v. Davis* is misplaced. 580 U.S. ___, 137 S. Ct. 759 (2017); *№ 166 at 22–23 & 28 n.4*. The Supreme Court's recent decision focused on certificates of appealability and Rule 60(b)(6), not the interaction between that Rule and AEDPA's various bars. Rule 60(b) creates narrow exceptions to the venerable general principle that a court's judgment must become final at some point and should stand absent some particularly

compelling reason. Read as broadly as Lee suggests, the extraordinary-circumstances exception threatens to overwhelm the general rule. Though couched in terms of the integrity of the federal *habeas* proceeding, which is the limiting law under *Gonzalez*, Lee's new arguments go beyond a non-merits issue, such as the applicable statute of limitations or a procedural default. *Gonzalez*, 545 U.S. at 532 nn.4–5. The deeper layer of Lee's many arguments about his *habeas* lawyers' failings is the merits. If conflict-prompted stumbles by federal *habeas* lawyers are extraordinary circumstances that satisfy Rule 60(b)(6), then *Buck* has silently invalidated AEDPA's bar against ineffectiveness claims about those lawyers. 28 U.S.C. § 2254(i). The Court is not saying that Lee's lawyers' work was excellent or even better than average. But the governing law is strict; and the stumbles Lee points to aren't the truly extraordinary circumstances that the law demands to reopen a final judgment.

What Lee has labeled a Rule 60(b) motion is, "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Gonzalez*, 545 U.S. at 530–32 (quoting 28 U.S.C. § 2254 and Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts). This

Court therefore lacks jurisdiction. Lee needs permission from the Court of Appeals to proceed. 28 U.S.C. § 2244(b)(3)(A). The motion to reopen, motion for a stay, and motion for funding for ancillary services are transferred to the United States Court of Appeals for the Eighth Circuit. *№ 164, 166 & 167*. This transfer is immediate.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 April 2017